Rex, J.
As to the first assignment of error, it is deemed sufficient to say, that by section nine of the act of 1853, “concerning divorce and alimony,” as amended by the act of April 15,1857, powrnr is given to the court, while in session, or a judge thereof, during vacation, upon proper notice, to grant to the wife alimony, pendente lite, and that no appeal is given by either of the acts named, from such allowance, whether made in open session or by a judge of the court in vacation. The allowance and its amount are-left, by the statute, to the sound discretion of the court or judge.
The real question in the case is that made by the second assignment of error.
The petition is filed under section 10 of the act above-named, as amended April 15,1857, 54 O. L. 131, which provides that a wife, for certain causes therein enumerated, may file a petition for alimony alone; and it is claimed by the plaintiff in error, that where a judgment is rendered in favor of the wife upon .such petition, an appeal may be taken by either of the parties to the District Court. The validity of this claim depends upon the proper construction of sections 16 and 17 of the act. -The original act was passed and took effect March 11, 1853. Section 16, which has not been altered or changed by any subsequent act of the general assembly, reads as follows: “ That in case of petition for divorce, or petition for alimony alone, no appeal shall be allowed from any judgment or order of the Court of Common Pleas to the District Court.”
By section 17 of the act of March 11, 1853, appeals were allowed from .the Common Pleas to the District Courts only, in cases arising under the 11th, construed by this court, in Tappan v. Tappan, 6 Ohio St. 64, to mean the 14th section of the act. By the act of April 15, 1857, 54 O. L. 131, this section was so amended as *76 to allow, under the construction given to it by this court in Price v. Price, 10 Ohio St. 816, an appeal by either party to the District Court, in cases in which judgment had been rendered by the Court of Common Pleas in favor of the ■wife for alimony alone, without granting a divorce. So ■that section 16 of the original, and section 17 of the amendatory acts, are in direct conflict, in so far as it regards the right of either party to appeal to the District Court from a judgment of the Court of Common Pleas, for alimony alone.
Although repeals, by implication, are not favored under the constitution of this state, yet the well-settled rule of •construction is, that where two statutes, on the same subject, contain irreconcilably repugnant provisions, the later •statute, by its necessary operation, abrogates the former.
We are therefore of opinion that the case is appealable, .and that the District Court erred in dismissing it.
The judgment of the District Court is reversed, and the cause remanded to that court for further proceedings.
MoIlvaine, C. J., and Welsh, White, and Gilmore, J.J., concurring.